## Case No. 581.

### In re ASHLEY.

[19 N. B. R. 237.]

District Court, D. Vermont.    July 8, 1879.

ATTACHMENT—LEVY—LIEN—SUBSEQUENT BANKRUPTCY.

[To constitute an attachment of personal property, the officer must actually take it into his custody and control; the mere taking of a receipt for certain property, followed by a return that he had attached it more than four months before the bankruptcy proceedings, though it would estop the receiptors from denying that there was an attachment, is not enough to create a lien as against the assignee in bankruptcy.]

[In bankruptcy. Petition by John Boothe, a deputy sheriff, against the assignee in bankruptcy of Ashley, to enforce a prior lien created by an alleged attachment. Dismissed.]

Park Davis and W. L. Burnap, for assignee.
C. W. Witters, for petitioner.

WHEELER, District Judge.    The petitioner, John H. Boothe, a deputy sheriff, having writs of attachment in his hands against the bankrupt, without taking possession of any property, took a receipt for certain specified property, signed by the bankrupt and another, and made return that he had attached it more than four months before the bankruptcy proceedings. The assignee found the property in possession of the bankrupt, and took it. This petition is brought to enforce a lien upon the property by force of these proceedings.

The bankrupt law leaves attachments in force when made a sufficient length of time before the commencement of the bankruptcy proceedings. To constitute an attachment of personal property, the officer must actually take it into his custody or control. Lyon v. Rood, 12 Vt. 233; Soule v. Austin, 35 Vt. 519. This was not done here. The officer took a receipt which conclusively estopped the receiptors from denying that there was an attachment. This did not make an attachment in fact; it only affected the personal liability of the receiptors. Their liability rested wholly in contract. Soule v. Austin, 35 Vt. 519. The officer accepted their personal liability in place of taking the property. This left no lien upon any property as against bankruptcy proceedings. Zollar v. Janvrin, 49 N. H. 114; Carpenter v. Farrell, 100 Mass. 450. This is just, too. If the property had been taken into the custody of the officer, other creditors might, and probably would, have found it out, and commenced proceedings in season to cut the attachment off. If the mere giving a receipt would answer, they might be deceived into letting it run too long.

Petition dismissed.